**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Monty M. Mariner, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | Case No. 4:12-cv-072 |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

___

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 4:09-cr-101 |
| Monty M. Mariner, | ) | |
| | ) | |
| Defendant. | ) | |

___

On June 7, 2012, the defendant, Monty Mariner, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Docket No. 56. Mariner sent the petition by mail and the envelope is post-marked June 4, 2012. See Docket No. 56-2.

A motion by a federal prison for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. Congress did not explicitly state when a judgment of conviction became final for the purposes of Section 2255. However, where a defendant appeals the conviction, the United States Supreme Court has clarified that a conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003).

The record shows that a jury convicted Mariner on June 17, 2010. See Docket No. 33. On September 28, 2010, the Court sentenced Mariner. See Docket No. 40. Mariner filed his notice of appeal on November 5, 2010. On March 4, 2011, the Eighth Circuit Court of Appeals affirmed the judgment, as amended. See Docket No. 51. Mariner had 90 days from March 4, 2011, to file a petition for certiorari, or June 2, 2011. See U.S. Sup. Ct. R. 13(1) (2010) (party may file a petition for certiorari within 90 days after court of appeals enters judgment). June 2, 2011, is a Saturday, and under Fed. R. Civ. Pro. 6(a)(1)(C) when the "the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." See Fed. R. Civ. Pro. 6(a) (stating that the civil rules for computing time apply "in any statute that does not specify a method of computing time."). The next non-holiday weekday is Monday June 4, 2012. In addition, the computing rules provide 3 extra days if the motion is mailed. Fed. R. Civ. Pro. 6(d). Accordingly, Mariner had to file his Section 2255 motion by June 4, 2012, or if he mailed his motion, the clerk of court must have received the motion on or before June 7, 2012.

The record reveals that Mariner mailed his Section 2255 motion. The envelope is post-marked June 4, 2012, and the clerk of court received Mariner's motion on June 7, 2012. See Docket Nos. 56 and 56-1. Therefore, Mariner's Section 2255 motion is timely. The Court has conducted an initial review of the motion and, without passing on its merit, **ORDERS** the Government to file a response to the motion within sixty (60) days from the date of this Order. The Defendant may file a reply brief within twenty (20) days after the Government files its response.

**IT IS SO ORDERED.**

Dated this 11th day of June, 2012.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court