**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Monty M. Mariner, | ) | |
| | ) | **ORDER DENYING** |
| Petitioner, | ) | **CERTIFICATE OF APPEALABILITY** |
| | ) | **AND IN FORMA PAUPERIS STATUS** |
| vs. | ) | |
| | ) | |
| United States of America, | ) | Case No. 4:12-cv-072 |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09-cr-101 |
| | ) | |
| Monty M. Mariner, | ) | |
| | ) | |
| Defendant. | ) | |

The Court denied Monty M. Mariner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence on December 4, 2012. See Docket No. 66. The right to appeal from the denial of a Section 2255 motion is evaluated under 28 U.S.C. 2253. Slack v. McDaniel, 529 U.S. 473, 478 (2000). Section 2253(c)(1) provides as follows:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
> \*\*\*
> (B) the final order in a proceeding under section 2255.

1

28 U.S.C. 2253(c).  28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may be issued if the applicant has "made a substantial showing of the denial of a constitutional right."  The Court finds that Mariner has not satisfied the burden under 28 U.S.C. § 2255(c)(2).

The Court certifies that an appeal from the denial of Mariner's Section 2255 motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); see also Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (discussing the objective good faith standard to be applied by the district court). In addition, based upon the record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. 28 U.S.C. 2253(c)(2); see Slack, 529 U.S. at 483-85 (citing Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)) (describing the standard to be used to determine whether a certificate of appeal is appropriate); Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).  Therefore, the Court will not issue a certificate of appealability and Mariner shall not be granted in forma pauperis status for the purpose of an appeal.

**IT IS SO ORDERED.**

Dated this 13th day of December, 2012.

/s/  Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court